Hartke v. Bonhams & Butterfields et al. And Mr. Skordo, am I pronouncing that right? Yes, Your Honor. So Mr. Skordo, you have reserved three minutes for rebuttal, which is fine. So that gives you seven minutes out of the gate and you may proceed. Thank you, Your Honor. Yeah, just use the lectern over here. Just make sure that you're near the mics and you can raise or lower that if you'd like. That's fine. Right in the middle. Right between them. That'll work. Great. Thank you, Your Honor. And may it please the Court. Your Honor, I'm here today. It's a matter, it's a civil matter. Under the diversity statute was pled. It's for, essentially the main claims are conversion and re-pledging of personal property. My client, as you're aware, is the closest living relative of a Father Gilbert Hartke, who passed away back in 1986. Father Hartke was given a valuable piece of property. You're familiar with, we're all familiar with the movie The Wizard of Oz, and this was the dress that was worn by Judy Garland, one of the dresses in the movie. I'm sure it'll fetch a lot if it were sold, but I guess the real question is, at least one of the questions for me, is it seems to me under any standing theory, your client is not going to be able to establish complete diversity. I mean, she's suing purely in a representative capacity. So if she has standing by virtue of being named the executor in the probate court in the District of Columbia, or by operation of New York law, as you argued previously, either way, as a representative of the estate, she takes on the citizenship of the estate. And that means Washington, D.C. and Well, Your Honor, our position, my client's position is that when she filed the suit, there was diversity. She was a citizen of Wisconsin. But she's only suing in her representative capacity, right? Your Honor, originally she sued in both her individual and representative capacity. Then we attempted to amend the complaint, and Judge Gardeffi did not permit that. However, it's my understanding and it's our position that the diversity statute goes to the original filing, and that she maintains the diversity. I'm sorry to interrupt you, but it seems to me if that were enough to establish diversity, then anybody could just misplead state, you know, assert an individual claim or assert a claim that didn't revert to the citizenship of the representative estate, and then they'd be in for good. And then they could just withdraw the individual claim that got them I don't think that's the position, Your Honor. We did cite cases that show that there are instances where the court, for instance, when the statute of limitations has run, that the court will allow the party under 17A to continue to represent that party. That the diversity goes back to the time of filing. And I think we cite that in our brief. So the point here was that Judge Gardeffi essentially dismissed the complaint with prejudice rather than without prejudice. I mean, he didn't. In other words, you could pursue these claims in the probate court in the District of Columbia, I presume. I mean, a dismissal with prejudice would mean you don't get to litigate this any place, state, federal, or anywhere else. And he didn't do that, right? He didn't, Your Honor, but essentially he did. Because she loses her federal claim, she loses her diversity claim, because she already filed the claim for conversion. So she loses that claim when he dismisses it without prejudice. However, he did so on the grounds that she was given a reasonable time to change her. The rule gives her a reasonable time to become the state administrator and thereby her standing, she still maintains standing if she's given that time to do it. But as the state administrator, what would her citizenship be? What would the relevant citizenship be? It would be the District of Columbia under the statute. And so there wouldn't be diversity jurisdiction. But the point of the statute when it was passed and the reason for it was to prevent parties from having to litigate in an unfair forum. And here that's exactly what's happening. That statute, when applied in this manner, ends up depriving my client of the right to pursue a diversity claim. Why can't she get a fair forum in D.C.? Excuse me, Your Honor? Why isn't D.C. a fair forum? It's because she filed this claim in New York, not because she was looking to... The reason for the statute is to prevent parties from shopping. That's not what happened here. She wasn't shopping. She had to file here because the res, the property, was present here. And at the time, she had no notice of its even existence. She only had a few weeks to file here in New York. So she was not forum shopping. So therefore, the statute turned over on her. But the purpose of the statute and the purpose of diversity jurisdiction is not to stop people from forum shopping. It's to make sure that people who are from different states can get a fair hearing in a neutral forum. But here, if the estate and one of the defendants are Washington, D.C. citizens, why isn't the probate court the right place to do this? Well, because, Your Honor, it wouldn't be the probate court. Because this is not a probate matter. We indicate in our brief that there's a probate exception in the federal court. And the key to that exception is when the state is trying to augment the property that's in the estate, not necessarily argue in the probate court as to who owns what. Because that's not what we're seeking. We're seeking a declaration of ownership. That's the, it's not the claim. It's a completely different claim than would be litigated in a probate court. The probate court would only decide who gets what in the estate. The federal probate exemption. Right, but that's what the probate court already did and said that the dress belongs to the estate, which is then devolved to the Dominican order, right? Your Honor, that dress was not even in existence. When the estate was inventoried by the, his order, his executor, who was appointed by his clergy order, that, he never took an inventory. He didn't even, there was only one piece of an intangible property, his own like, his own use of his own character or likeness. But there was no assets in the estate. And Judge Cardiffi makes the, renders in his opinion that because he had, that he sees nothing unusual or exceptional about how the estate was handled in 1986 when it was extremely unusual. The probate law in every state and in D.C. requires an inventory to determine what's in the estate, not necessarily ownership. The executor doesn't decide ownership, and that's what happened here. Your Honor, your client, did your client receive notice of that inventory? My client has no, if you look at the notice. She was sent notice. I'm sorry. She was sent notice, right? She was, she was sent, I don't know if she was or wasn't, because it indicates, it doesn't indicate her proper status. She's the niece. And it says in the notice that she's the wife of the nephew. That was incorrect. So we were not clear, and also the notice was sent to a, I think it was a 15 story apartment building without an apartment. So no, she has no, she had no notice. At least, there's no way that could be demonstrated. Has she been appointed, has she been appointed the administrator yet? She has not. She is in the process of applying. She has posted a bond, and she's reopening the estate there. I'm amazed that- Why has it taken so long to do that? It seems like it's been two years since that, she was on notice of that fact. Your Honor, we're dealing with a court, first of all, we needed over a year to receive the actual file from 86, because it was in archives. But even more importantly, Judge Cardefi wouldn't, didn't decide the motion. His decision goes back when their motion was filed. These took almost 15 or 16 months. And we were, we, counsel was retained. The matter is, it has been reopened, and it's going forward in D.C. And she has posted a bond. But she hasn't filed a motion yet. I'm sorry. The motion to be appointed executor. She's filed a petition to reopen it and appoint her as executive. When did she file that? It's, it was perfected in October. There was some issue with the court, and it had to be perfected again just recently. It was in the last two weeks. And the bond had to be posted. Was that done? Excuse me? Was that done? Yes, it was done. All right. Well, you've got three minutes that you've reserved for rebuttal. So we'll hear from now from Mr. Al Sharaf. Am I pronouncing that right? Al Sharaf. Al Sharaf. Good morning. May it please the court. Your honors, I'm here on behalf of the Catholic University and the defendants, Bonhams and Butterfields as well. And in our view, the issue is fairly simple. It's a standing issue. There's two grounds on which the appellant has appealed in this case. One is whether the district court abuses discretion by dismissing the case for lack of jurisdiction. The other, whether the court erred in finding that there were not extraordinary circumstances warranting allowing the appellant to proceed with the case without standing. In our view, the judge did not abuse his discretion in either situation. It seems to me that under either or any standing theory of the plaintiff, there's no diversity jurisdiction here. Correct. I'm not sure that's a standing problem. That's just a lack of jurisdiction problem, isn't it? I think that's right. I think we start with a lack of standing. But even if the appellant were to gain standing on behalf of the estate, then we run into a diversity problem. The plaintiff is saying that she has standing to be a representative of the estate either by operation of New York law or, if given enough time, by getting named the representative or executor in the D.C. probate court. But it seems under either of those theories, the estate's citizenship still applies, even though she might be permitted that she might have standing to sue on behalf of the estate. The estate is what determines citizenship. Do you agree with that? Yes, absolutely. Do we need to resolve the standing issue at all? I don't think so. The court had discretion to dismiss on the basis that even were the standing defect to be cured, it would be futile. Isn't there a Lanham Act claim? There is. Isn't that a federal question? It is a federal claim. They invoked diversity jurisdiction in this case. In our view... And it was standing that was litigated. But if we're being asked to resolve this as a matter of subject matter jurisdiction, then wouldn't we, whether they raise it or not, have to consider the existence of the Lanham Act claim? Yes, Your Honor. In our view, I don't have in front of me the Second Amendment complaint. I believe they did keep those claims in the Second Amendment complaint. You're correct. I do think that were the claims to be asserted, either on behalf of the estate or in the personal capacity, I think there still remains an issue that the claim should be dismissed on the basis that there's no allegation that there was any injury. No misrepresentation. Let's get back to the federal question. It would seem to me they forfeited any federal question theory of jurisdiction. They didn't raise it in their complaint. They didn't raise it in their briefs. The opening brief or reply brief. That's correct. This would be a novel basis on which to... In our view, they've waived that ability. They only invoked diversity jurisdiction in the first instance. They didn't raise it on appeal. We agree, Your Honor. So for subject matter jurisdiction, though we have our own obligation to consider it, we don't look simply to the complaint. We look only to the grounds for jurisdiction raised by the plaintiff? Is that the principle of law that you're asserting? That might be right, but I just want to make sure I understand it. That is our position, Your Honor. We also did raise these arguments about the Lanham Act in our papers in the lower court, and this was addressed directly on the grounds that they failed to allege an injury, on the grounds that they failed to allege a misrepresentation under the Lanham Act. We believe that even were they to proceed, ultimately the result would be that that claim would be dismissed on that basis anyways. So in our view, allowing this case to proceed would not result in... You litigated the Lanham Act claims in your motion to dismiss. Correct, Your Honor. Seeking dismissal. Correct. But even if dismissed for purposes of subject matter jurisdiction, what is your understanding of the relevance of those claims in the complaint for our purposes? I'm sorry, Your Honor. I'm not sure I understand. What is your understanding of the relevance of a federal question claim in the complaint for purposes of our subject matter jurisdiction consideration? Well, I think, Your Honor, again, there's only two issues that are before the court right now, and those are the two issues that are brought by the appellant, and those issues do not include a question of federal question jurisdiction. In our view, they've presented two issues, and they had the opportunity to present that as an issue, as a ground under which they would claim that they should be allowed to proceed with this case, but they didn't invoke that in this case, and we believe that results in a forfeiture of that argument. Well, but we've said as recently as this year that we have no obligation to find and exercise subject matter jurisdiction on a basis not raised by the parties, and so the plaintiff here is asserted federal question jurisdiction at any point on this appeal. Would you agree with that? Yes, Your Honor. Your Honors, in addition, I'd like to address just very quickly this idea of whether they should be allowed a reasonable time. Again, we believe that ultimately, even if they were granted a reasonable time, number one, we think two years or a year and a half until the court ruled on the motion to dismiss was plenty of time for them to have gone through the process, but Your Honors, there is nothing in the record. The appendix talks about how there's no pending motion to reopen the estate. Correct. Is that still accurate? I mean, you heard a minute ago, Mr. Skordo suggested that there a petition was filed, but it seems like what's on the appendix indicates that there's no motion pending, that this is still something that's in the works. That's correct. That's correct, Your Honor. The only update, perhaps, that Mr. Skordo had referenced is the filing that we got notice of on, I believe it was Friday, of some filing, but it was not a petition to reopen the estate. It was a filing of some bond and connection. It is not, there is no pending motion or petition to reopen the estate and be determined to be the personal representative of the estate on file in action pending in the D.C. probate court. That fact has not changed, and that's not in the record right now, in any event, even were that to have been the case a week ago, two days ago, whatever it was. So before the court right now, the record reflects, and we believe that the only pertinent factor is that there's nothing pending. Again, even were she to be granted that status, we'd run into the diversity issue anyways. And then on the question of, just very briefly, on the extraordinary circumstances argument that they raised the second ground for appeal, again, that issue under New York law has been interpreted and defined as to mean that where a party has alleged some egregious conduct, some fraud or undue influence, that there may be grounds for a party to, an individual to be allowed the, to be allowed to proceed on behalf of the estate without being duly appointed the 042 in 2014. That must be set forth in detail. They did not do that in this case. There's no description in the complaint of a fraud conducted by the estate executor, by the administrator of the estate. The court did not abuse his discretion by finding that there were not extraordinary circumstances in this situation. But there would be nothing that would prevent Mr. Scordo and his client from going to the probate court and saying, you were defrauded 40, well, 38 years ago. And therefore you should reopen this and we should start over. Correct, Your Honor. And, and this gets back to the, to the sort of crux of a lot of these issues, which is at the end of the day, that's the, that is the correct forum. We run into a question of Rooker Feldman. We run into a question of the probate exception. We ran into all these questions because ultimately that is the correct forum. And Your Honor, before I, before I sit down, I did want to provide the site to the record with respect to the Lanham Act arguments that we made. And that's A248. That's where you argued for dismissal of the Lanham Act below. Correct. Correct. Not, yeah, not on subject matter jurisdiction grounds. No. On merits grounds. On the merits of the, well, you're right. On whether they should be dismissed. Understood. Thank you very much, Your Honors. All right. Thank you very much, Mr. Al-Sharaf. Mr. Escorto, you have three minutes for rebuttal. Yes, Your Honor. With respect to the, the fact that the petition has been reopened, the, the defendants have no standing. Is that in the record somehow? It's not in the record, Your Honor. It happened. When did it happen? It just happened within the last week or so, although there were some issues in getting a bond. That's what took all the time here. But most importantly, with respect to the Lanham Act, the claims are, the other defendant is the auction house. And the question is, that was, those claims basically center around that entity. And under New York law, an auctioneer is liable when they misrepresent to the public the, the provenance of, what is being sold. They're, they're strictly liable. And I, we cite the Vogel case. It, it falls in place with, the judge below never addressed, he didn't address subject matter jurisdiction. He did not address the Lanham Act. We can only appeal. Is there anything in the brief that you submitted, either brief that you submitted, that talks about the Lanham Act or federal question? No, Your Honor, because, because of the fact that we felt that we had your diversity at the inception of the case. Well, I'm just looking at your brief. Your brief says, this matter was brought under the general diversity statute. And in the reply brief, you assert even more emphatically, lack of diversity jurisdiction would deprive the federal court of jurisdiction. It would, Your Honor, except we asked for it to be an exception based upon the facts here. No, no, I understand. I understand that. Those are your arguments about why you might have diversity jurisdiction. But there's no place that you've argued you have anything other than diversity jurisdiction, have you? We have not, Your Honor, because again, federal subject matter jurisdiction was not the reason this matter was dismissed. It was dismissed on standing grounds and it was dismissed because of the fact that the judge below, I thought, overreached and found that there were no extraordinary circumstances when we presented quite a few extraordinary circumstances, including the fact that, that the decedent's property was inventory. That the D.C. jurisdiction, they had no ability to even tax anything. And we also raised some constitutional issues that Judge Cardefi didn't apparently see because he seemed to concede that this executor had the right to determine the ownership of the property. That's not the New York law. And that's not the D.C. law. The executor is supposed to just assemble the property, marshal the property, and then the decision as to who owns it, that's something that has to be determined by a court. The court, the probate judge here never did anything. All we see is that there was no property in this state and it was closed, except for some intangible likeness. Right, but that's, I mean, that's the argument you're now pursuing in the D.C. probate court, right? No, because, Your Honor, that again... Well, you're seeking to... The probate court can only decide who owns property. This defendant was never given any property. They're not, they weren't even, they're not a beneficiary. The beneficiary, if anybody, was his order, the congregation. This defendant, they're just, they just happened to possess the property. That's, they're defendants because we would have to sue them in D.C., not in the probate court, but in another court, a general jurisdiction or some other court, because this, these defendants, they're in possession of property they don't own. They, they're given a lot of benefits here as if they're the, if they're some sort of beneficiary or have some sorts of rights. They don't have any, Your Honor. Well, thank you, Mr. Skorda. Thank you both. We will reserve decision.